[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14010
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-22320-CMA

MARION GAY LAGORA FALDAS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Marion Gay Lagora Faldas, a state prisoner, appeals pro se the denial of his

petition for a writ of habeas corpus. 28 U.S.C. § 2254. In 2007, Faldas pleaded

guilty in a Florida court to "commit[ting] lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age." Fla. Stat. § 800.04(5)(c), and later he was sentenced to 2 years of imprisonment followed by 10 years of probation. We granted a certificate of appealability to determine whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992), by failing to address two arguments of ineffective assistance of counsel that Faldas made in his petition and his corresponding memorandum of law. We vacate and remand.

Faldas filed a federal petition for a writ of habeas corpus and argued that his counsel had been ineffective for advising him to plead guilty based on a perceived bias of the trial judge and for failing to advise Fladas that his guilty plea constituted an admission that he had molested the victim. In his fourth ground for relief, Faldas argued that he had been "deprived . . . of a fair and impartial trial . . . under the 5th, 6th, and 14th Amendments to the U.S. Constitution" because, "[i]n addition" to five specific acts of ineffectiveness, counsel had "impugn[ed] . . . the state trial court" and "unfairly undermined [Faldas]'s confidence in the administration of justice, which misled [him] to enter into a plea agreement with the State." Faldas asked the district court to "[p]lease see [the] accompanying Memorandum" for further discussion of the issues.

2

In his memorandum, Faldas argued that trial counsel's conduct had been guided by his sentiments about the trial judge and had affected Faldas's decision to plead guilty. Faldas argued that "[c]ounsel either ignored or took advantage of [Faldas]'s lack of knowledge of the law and lack of appreciation of the legal significance of the issues" that "required dismissal of [his] charge" and, had counsel "properly advised him on the viable and potential defenses" available, Faldas would not have "entered into a plea agreement with the State." Faldas contended that "[c]ounsel was . . . interested in negotiating a plea deal . . . because of [his] overt speculative fear that, in sexual crimes, it would be considered political suicide for [the] state trial judge, who was up for reelection, to hand down rulings that would be favorable to [Faldas]" and that caused "[Faldas]'s confidence in the administration of justice [to be] unfairly undermined [and] [led] to his involuntary plea entry." After Faldas discussed five "primary subjects of [his] ineffective assistance of counsel[] claim," Faldas argued that "[c]ounsel was incompetent for failing to inform [Faldas] that entering into a plea agreement would mean that [he] acknowledged that there were 'no contested facts' regarding the crime as charged" and "fatally 'affected the outcome of the plea process.'"

After the state filed an answer, Faldas replied that the state had "failed to address [his] claim that as the result of ineffective assistance of counsel, [he] was

misled to enter into a plea agreement with the State." In the final section of his reply brief, which Faldas titled "Issues Not Addressed By Respondent," Faldas repeated the arguments made in his memorandum about how counsel's sentiments colored trial strategy and caused Faldas to plead guilty.

A magistrate judge recommended that the district court deny Faldas's petition for a writ of habeas corpus. The magistrate judge did not address Faldas's two claims of ineffective assistance of counsel. Faldas objected to the report and recommendation, but he did not argue that the magistrate judge failed to address his two ineffectiveness arguments.

The state argues that Faldas "waived [a]ppellate review" by failing to object to the omission of his two claims of ineffective assistance and, alternatively, that Faldas did not "fairly present" the claims to the district court, but we disagree. "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). Faldas fairly presented his claims of ineffective assistance to the district court in his petition, his memorandum in support of the petition, and his reply to the state's answer.

A district court is required to resolve all allegations of constitutional violations included in a petition for a writ of habeas corpus, whether or not the

4

district court grants or denies habeas relief. Clisby, 960 F.2d at 936. Faldas made two arguments about ineffective assistance of counsel, and the district court failed to address those arguments. To remedy this oversight, we vacate and remand the matter to the district court to consider all of Faldas's allegations that counsel was ineffective.

**VACATED AND REMANDED.**